## BRUGEL v. HILDEBRANT.

1. DIVORCE—CUSTODY OF CHILDREN—STATUTES—PREFERENCE FOR MOTHER.

The initial statutory preference for the mother in the matter of custody of minor children of divorced parents must give way before the higher law of the good of the child (CL 1948, § 722.541).

2. SAME—CUSTODY OF CHILDREN—STATUTES.

The paramount consideration in awarding the custody of children of divorced parents is the children's welfare, the chancery court having a large measure of discretion which is not restricted by the statute according a preference to the mother (CL 1948, § 722.54).

3. SAME—DE NOVO REVIEW—CREDIBILITY OF WITNESSES.

The Supreme Court is not restricted by the findings of the circuit court in a divorce case, since the appeal is heard *de novo*, but especial consideration is given the findings of the trial court so largely based upon the credibility of the witnesses, reversal not being granted unless the Court is convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances.

4. SAME—CUSTODY OF CHILDREN—FARM—MORAL REHABILITATION.

Custody of 2 boys is allowed to remain with plaintiff father, where, after he had secured divorce from mother, each remar-

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur, Divorce and Separation § 683.
[3] 3 Am Jur, Appeal and Error § 912.

ried and mother was later granted custody of their 2 girls, boys are now located on a farm and insufficient time has elapsed to be sure errant wife's moral rehabilitation is permanent.

5. SAME—REPORT OF FRIEND OF THE COURT—EVIDENCE.
The report of the friend of the court is not admissible in evidence in suit for divorce.

6. SAME—FRIEND OF THE COURT—EVIDENCE.
A trial judge may refer to the friend of the court for investigation and recommendations, petitions wherein the rights affecting the best interests of minor children of parties to a suit for divorce are involved, but the judge must exercise his own judgment on properly received evidence (CL 1948, § 552.253).

7. SAME—CUSTODY OF CHILDREN—MODIFICATION OF DECREE—EVIDENCE.
Order retaining custody of 2 boys with father on a farm *held*, supported by competent evidence on mother's petition for modification of decree of divorce, without reference to the report of the friend of the court.

8. SAME—CUSTODY OF CHILDREN—INTERVIEW BY COURT.
Court's interview with 11-year-old boy incident to determination of whether his custody would remain with father who had secured divorce from mother *held*, not prejudicial, where no objection was made by defendant when plaintiff's counsel suggested the interview be held nor when court dictated result of such interview.

9. SAME—MODIFICATION OF DECREE—CHANGE OF CIRCUMSTANCES—EVIDENCE.
A party seeking a change of custody of children after decree of divorce by way of petition for modification must make such a showing as would warrant the change in the custody.

10. SAME—COSTS—CUSTODY OF CHILDREN—MODIFICATION OF DECREE.
No costs are allowed on affirmance of trial court's order denying mother's petition for modification of decree as to custody of 2 boys, where previously she had been awarded custody of the 2 girls of the parties and failed to show a sufficient change of circumstances to warrant further modification of decree.

Appeal from Newaygo; Pugsley (Earl C.), J. Submitted January 24, 1952. (Docket No. 97, Calendar No. 45,411.) Decided March 6, 1952.

Divorce proceedings between Robert B. Brugel and wife. On petition of defendant, now Vivian M. Hildebrant, for change of custody of minor children. Petition dismissed. Defendant appeals. Affirmed.

*J. Donald Murphy,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

SHARPE, J. This is an appeal from an order denying defendant's petition to amend a decree of divorce with respect to custody of the minor children.

The facts are as follows: On March 1, 1948, a decree of divorce was granted to plaintiff in an uncontested action for divorce between Robert B. Brugel, plaintiff, and Vivian M. Brugel, defendant. The decree provided that plaintiff have custody and control of the 4 minor children, Ronald Lee, Sharon Kay, Larry Eugene and Dianne Lynn until each child, respectively, attains the age of 17 years. It was amended in March, 1950, at which time defendant was given custody of Dianne. It also appears that on September 6, 1950, pursuant to a stipulation signed by plaintiff and defendant, the divorce decree was further amended whereby plaintiff was to retain custody of the 2 boys and defendant to have the custody of the 2 girls.

It also appears that prior to the above change in the custody of the 2 girls, defendant, on December 24, 1948, was married to John A. Hildebrant; and that since said marriage, they have purchased a home in Grand Rapids and have an earning capacity of about $120 per week. It also appears that plaintiff lives on a farm at or near Ensley Center and works for Continental Motors earning from $45 to $50 per week. He was remarried on August 4, 1951.

On or about July 12, 1951, defendant filed a petition to amend the divorce decree for the purpose of giving her the custody of the 2 boys. In her petition it is alleged:

"4. Your petitioner further shows that on the 24th day of December, 1948, she was married to John A. Hildebrant, and that she and said John A. Hildebrant, did, in the first part of 1950, purchase a home, consisting of 2 bedrooms, living room, dining room, kitchen and bath, located at 1666 Wilson, S.W., Grand Rapids, Michigan. That said home is heated with gas heat, and your petitioner further shows that she has all the modern conveniences that any housewife would desire to have, *i.e.*, automatic hot water in the home, automatic washing machine, dryer and mangle, and various other modern utilities to make life convenient and comfortable. That her husband, John A. Hildebrant, is employed, and works at Corduroy Tire & Rubber Company in the tire cure department, and is a very fine and energetic young man. * * *

"9. Your petitioner further shows that at the present time neither of the 2 boys are living with the plaintiff; that the eldest boy, Ronald Lee, is living with plaintiff's sister, Mrs. Fern Price, of Kent City, Michigan; and the youngest boy, Larry Lee [Eugene?], is living with the plaintiff's mother, Mrs. Pearl Hoyt, of Kent City, Michigan.

"10. Your petitioner further shows that she has plenty of room for said minor children, and that if necessary, and if so requested by the court one of the bedrooms may be made into 2 good-sized bedrooms so that the 2 boys would have a bedroom of their own, the 2 girls would have their own bedroom, and the plaintiff and her present husband, John A. Hildebrant, will have a separate bedroom.

"11. Your petitioner further shows that she has been a good and religious mother since marrying John A. Hildebrant; that she attends church twice a week, *viz.*, prayer meeting on Thursday and regular

church on Sunday. That both of the minor daughters, who are presently in the care of your petitioner, go to church regularly; and your petitioner shows that the 2 boys, who are in the custody of the plaintiff, do not attend church, and that if the custody of said boys were given to your petitioner said boys would attend church regularly, as they should."

Plaintiff filed an answer to defendant's petition, which contained the following:

"He admits that on the 6th day of September, 1950, that upon a stipulation signed by the plaintiff and the defendant, this court amended the decree of divorce, giving to the petitioner the care, custody and education of the 2 girls, Sharon K. and Dianne Lynn, and continued the care, custody, control and education of the 2 boys, Ronald Lee and Larry Eugene, with the plaintiff.

"The plaintiff will further show that at the time said stipulation was made that the petitioner represented to the plaintiff and induced him to sign said stipulation upon her representations that if she could have the care, custody and control of the 2 girls that she would never request the custody of the 2 boys. * * *

"In denial of the defendant's petition, the plaintiff will show unto the court that the 2 boys, Ronald Lee and Larry Eugene, are well cared for by him and are well satisfied with their present home; that they do not desire to live with the petitioner and desire to live with the plaintiff; that prior to the granting of the divorce between the parties, the petitioner was grossly immoral, and continued in her immorality after the granting of the divorce, and is now an unfit person to have the care, custody and control of the boys now in the custody of the plaintiff; the plaintiff will further show that he is now, and has been, providing the 2 boys with a good home; that he has recently married a woman of good, moral character, and that the best interests of the 2 boys will be served by leaving them with the plaintiff.

"He denies that the petitioner is entitled to any of the relief prayed, and respectfully asks that the petitioner's petition be dismissed."

The cause came on for a hearing and at its conclusion the court entered an order dismissing defendant's petition. The order contained the following:

"(1) That the plaintiff is a fit and proper person to have the care, custody and control of Ronald Lee and Larry Eugene, minor children of the parties.

"(2) That the plaintiff has a proper home and has married a person of good moral character so that the 2 boys are assured of being brought up in a proper environment and in proper surroundings.

"(3) That the 2 boys above referred to desire to continue to live with their father, the plaintiff.

"(4) That the friend of the court has recommended to the court that the plaintiff be permitted to retain the care, custody and control of the 2 boys referred to above.

"(5) That the best interests of said 2 children will be served by permitting them to remain with their father, the plaintiff.

"(6) That the plaintiff should be permitted to retain the custody of Ronald Lee and Larry Eugene."

Defendant urges that she is a fit person to have the care and custody of her minor children; and that the trial court was in error in failing to decree accordingly. Defendant relies upon CL 1948, § 722.541 (Stat Ann § 25.311), which provides in part:

"That in case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of 12 years."

We have had occasion to interpret the above statute in a number of cases. In *Gilbert* v. *Gilbert,* 242 Mich 178, we said: "The initial preference for the

mother, established by the statute, must give way before the higher law of the good of the child."

In *Foxall* v. *Foxall,* 319 Mich 459, we said:

"We have repeatedly stated that in awarding the custody of the children, the paramount consideration is their welfare, *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Riede* v. *Riede,* 300 Mich 300; *Hornbeck* v. *Hornbeck,* 316 Mich 208. The record indicates that both children are happy, well adjusted and receiving the best of care and training. A court of chancery is vested with a large measure of discretion in awarding the custody of children whose interests are before it. *Mason* v. *Mason,* 317 Mich 95, and the cases cited therein. Nor does the statute restrict or qualify the discretion of the court in such matters unless there is an abuse thereof. *Davis* v. *Davis,* 296 Mich 711; *Riede* v. *Riede, supra; Sawyer* v. *Sawyer,* 312 Mich 524."

In *Chubb* v. *Chubb,* 297 Mich 501, we said:

"While we are not restricted by the findings of the circuit court, a divorce case on appeal being heard *de novo,* especial consideration is given to such findings, so largely based upon the credibility of the witnesses, and the reviewing court ought not to reverse the determination of the trial court in such a case, unless convinced that it must have reached a different conclusion had it occupied the position of the lower court, under like circumstances. *Brookhouse* v. *Brookhouse,* 286 Mich 151; *Stratmann* v. *Stratmann,* 287 Mich 94; *Westgate* v. *Westgate,* 291 Mich 18."

See, also, *Reynolds* v. *Reynolds,* 323 Mich 332.

As a part of the history of this case we find that on March 16, 1950, the trial court in denying defendant's petition for custody of all the minor children stated:

"It was with full knowledge of that statute that the decree was granted in this case and the children

given to the plaintiff on account of the proven misconduct of the defendant, and obviously admitted by her. At that time, she claims upon this hearing, that there had been some talk that they would later be remarried. In answer to that the plaintiff has testified that he did tell her that he would give her 1 year in which to prove herself worthy of remarriage. This decree was granted in March of 1948. In July she began keeping company with her present husband, who was then a married man, having been previously married while he was in the service in Australia. The decree which this court granted on March 1st did not become operative, permitting the remarriage of either of these parties until 6 months thereafter. The present husband of the defendant did not obtain his liberty to remarry until he obtained a divorce from his Australian wife in December of 1948. A few days later, and only a few days, these parties were remarried. * * *

"The defendant has filed a petition now before the court for consideration, requesting not only the custody of Dianne Lynn, but also the custody of the 4 children named in the bill of complaint and the decree.

"In support of that petition the defendant asks the court to close the book entirely upon everything that has happened prior to March in 1948 and to look at this time only upon the life of the defendant since that time. We have had witnesses, several friends of the defendant, who have appeared and testified in her behalf. Some of them have testified concerning the good character of Mr. Hildebrant, the present husband of the defendant. Some testimony has been given, describing the present home where they are now living. The testimony is negative so far as any wrong doing on the part of the defendant is concerned since this decree was granted. * * *

"The plaintiff may lack some of the polish and perhaps some of the earning power that has been represented to be possessed by the present husband of the defendant. I am not satisfied that he is not

a fit and proper person to have the custody of these children. This court cannot escape giving attention to the fact that a father is as interested in his children as is a mother, and when a mother departs from the paths of virtue and good conduct and virtually admits her unfitness to be the custodian of her children because of her conduct and because of her lack of facilities to take care of them, and the father steps into the situation as father and mother both of the children, and then a few months later is asked to surrender them to the wife because she has found another man to whom she has transferred her affections and says that with him she can now give to the children a better home than she could give before, it is not the policy of the court to condemn her marriage to her present husband, but before this court would be justified in taking these children away from the father and transferring them to the mother more time should elapse and the stability of the home of the defendant should be more thoroughly established. Especially am I prone to think it would be a mistake to transfer them at this time in the midst of the school year."

In the case at bar both plaintiff and defendant have remarried and are living in suitable homes. Both have violated the moral code prior to their present marriages. The present order of the court provides that the boys live with their father on a farm. In our opinion life on a farm for growing boys can be of great benefit to them. Moreover, we are not convinced that a sufficient time has elapsed in order to be certain that defendant's moral rehabilitation is permanent.

Defendant urges that it was error for the court to consider the report of the friend of the court in deciding the custody of the 2 boys. While the report of the friend of the court is not admissible in evidence, yet under CL 1948, § 552.253 (Stat Ann 1949 Cum Supp § 25.173), the judge may refer to the

friend of the court for investigation and recommendations petitions wherein the rights affecting the best interests of minor children are involved. But the judge was in duty bound to exercise his own judgment on properly received evidence. In the case at bar there was sufficient competent evidence introduced to support his order and decree without reference to the report of the friend of the court.

It is also urged that the court erred in considering the statements of the oldest child made to the court in a private interview. The result of this interview as related by the court is as follows:

"*The Court:* Let the record show I have talked in chambers with the oldest boy, who is now 11 years of age and he says he will have a birthday in January, at which time he will be 12 years old. He has been living with his aunt until recently, the last few weeks, he has been living with his father on the farm. He has expressed a desire to stay there. He says he likes the farm and he would like *to* go back to school where he has been attending school. I have not talked with the other boy, his brother, but he says his brother feels the same way. He does not express any dislike for his mother but he says he would rather stay on the farm."

We note that when plaintiff's counsel suggested that the court interview the 2 boys, no objection was made by defendant, nor any objection made when the court dictated the result of his interview with the oldest boy. The record fails to show that the interview was a determinative factor in the court's decision. Under such circumstances the interview with the boy and the court's statement of the result of the interview were not prejudicial to defendant's rights.

In order for defendant to obtain the relief sought by her she must show a change of circumstances since the entry of the divorce decree as later modified by

the custody order. In the case at bar this change of circumstances involves the custody of the 2 boys. The trial court found as a fact that she did not make such a showing as would warrant a change in custody. We are in accord with the findings of the trial court and affirm the decree. No costs.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSH-NELL, BOYLES, and REID, JJ., concurred.