## EWALD v. EWALD

1. DIVORCE—JURISDICTION OF COURTS—STATUTES.

 Jurisdiction in divorce cases is statutory and every power exercised by the court must have its source in the statute or it does not exist.

2. SAME—MODIFICATION OF JUDGMENT—SUPPORT OF CHILDREN—REQUIREMENTS.

 The court may modify a judgment of divorce regarding support upon a showing of exceptional circumstances where the child is over the age of 18 and upon a showing of a change in circumstances where the child is under the age of 18 (CL 1948, §§ 552.17, 552.17a).

3. SAME—MODIFICATION OF JUDGMENT—SUPPORT OF CHILDREN—EVIDENTIARY RECORD.

 In proceedings to modify a judgment of divorce involving minor children an evidentiary record is required.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 240, 241.
[2] 24 Am Jur 2d, Divorce and Separation §§ 846, 850.
Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.
[3, 4] 24 Am Jur 2d, Divorce and Separation § 852.
[5] 5 Am Jur 2d, Appeal and Error §§ 685, 686.

4. Same—Support of Children—Modification of Judgment—Evidence—Report of Friend of the Court.

> In proceedings to modify a judgment of divorce involving minor children the trial court may consider the report and recommendation of the friend of the court in making its determination, but such a report and recommendation are not admissible in evidence except by agreement of all parties.

5. Appeal and Error—Questions Not Briefed.

> The Court of Appeals will not consider questions raised below but not briefed on appeal.

Appeal from Wayne, Montante (James), J. Submitted Division 1 March 7, at Detroit. (Docket No. 4,369.) Decided December 2, 1968. Rehearing granted February 3, 1969.

Petition by Wilma Ewald for order modifying the judgment of divorce which she received from James Ewald. Orders making certain modifications granted. Defendant appeals. Vacated and remanded.

Legal Aid Bureau of Detroit (by *Anthony P. Marchese* and *Bruce R. Tamsen*), for plaintiff.

*George W. Schudlich* (*Edward P. Echlin*, of counsel), for defendant.

Andrews, J. This appeal by defendant presents for review certain orders of the trial judge modifying a judgment of divorce as to child support.

The record on appeal consists of the documents filed in the court below and the court reporter's transcript of oral argument before the trial judge on two occasions.

From such record it appears that on May 24, 1963, the Honorable James Montante granted an uncontested judgment of absolute divorce to plaintiff,

awarded her custody of a son born August 19, 1948, and a daughter born December 19, 1952, and ordered defendant to pay $20 weekly for the support of each child until they attained age 18 or until the further order of the court.

On March 29, 1966, plaintiff filed an unverified petition to modify the judgment of divorce to continue support for the son beyond age 18. She alleged therein that he was in the eleventh grade in high school; that he had lost a grade earlier; that he was doing satisfactory work; and that it was important that he complete high school, which could not be done without financial help from defendant. The petition was noticed for hearing at a time to be set by the friend of the court.

The record does not disclose when such notice was given. However, probably on December 16, 1966 (although December 12 appears in the record), counsel were before the court, and at this time it appears that the trial judge and counsel had read an investigation report dated October 31, 1966, and a recommendation of the assistant friend of the court dated November 11, 1966, together with copies of financial statements of the parties dated May 20, 1966. These documents were not filed until May 29, 1967. The assistant friend of the court recommended that support for the son be continued at $20 per week until he graduated from or quit high school. Petitioner filed objections to the recommendation because defendant's income justified an increase in support. The record does not contain a transcript of the December, 1966 proceedings, but from the transcript of later oral arguments it appears that defendant then objected to the modification requested, although he did not file written objections until May 23, 1967. On December 20, 1966, the trial judge entered an order referring the matter

to the friend of the court for a supplemental report and recommendation on the question of increasing support, and in the interim ordered the defendant to pay $20 weekly support for the son commencing on August 19, 1966, and continuing until he graduated from or quit high school. The order states that the court considered the petition, the report and recommendation of the friend of the court and objections filed by both plaintiff and defendant.

On May 23, 1967, defendant filed a motion to strike the petition because it was not verified, a motion to set aside the order of December 20, 1966, because no hearing was conducted prior thereto and objections to granting the petition existed. At this time a hearing had apparently been scheduled for May 29, 1967, since on said date oral argument was had before the court and a supplemental investigation report, a recommendation of the assistant friend of the court, and a copy of a financial statement of defendant were filed. The recommendation was that support for the son be increased to $30 per week from December 12, 1966, until he graduates from or quits high school, and that the court on its own motion increase support for the daughter to $30 per week from December 12, 1966. At this hearing defendant made the same objections which he claims were made before the entry of the order of December 20. At this hearing, also, plaintiff made an oral motion to increase support for the daughter as recommended by the assistant friend of the court. On July 6, 1967, an unverified petition for such increase was filed. The record does not contain an answer thereto by defendant. At the conclusion of the hearing the trial judge ruled against defendant and ordered support for the son at $30 per week from August 19, 1966, until he graduates from or quits high school, and denied without preju-

dice the oral motion to increase support for the daughter. On July 10, 1967, an order so providing was entered. Although not in the record, defendant apparently filed a subsequent motion, since on August 4, 1967, plaintiff filed an "answer to defendant's motion to hold for naught, vacate and set aside the order modifying judgment of divorce, etc., entered July 10, 1967." On August 22, oral arguments were had after which the trial judge entered two orders, one denying the motion to strike the petition and to vacate the orders of December 20, 1966, and July 10, 1967, and the other increasing support for the daughter to $30 per week from July 6, 1967.

Defendant raises four questions on appeal, which may be restated as follows:

Did petitioner prove exceptional circumstances under CLS 1961, § 552.17a (Stat Ann 1957 Rev § 25.97[1]), authorizing the court to extend support for a child beyond age 18 until he graduates from or quits high school?

Did petitioner prove a change of circumstances under CL 1948, § 552.17 (Stat Ann 1957 Rev § 25.97), authorizing the court to increase support for minor children, one of whom was over age 18?

Defendant asks this Court to vacate the aforementioned orders modifying the judgment of divorce. He contends that the same were granted without legal authority therefor. Citing *Gallison* v. *Gallison* (1966), 5 Mich App 460, he insists that since jurisdiction in divorce matters is purely statutory, under the above-cited statutes the trial court had no authority to grant the orders without evidence showing exceptional circumstances warranting continuing support beyond age 18 for the son and showing a change of circumstances warranting an increase in support for both children. He claims that the

report and recommendation of the friend of the court is not evidence and consequently plaintiff did not sustain the burden of proof resting upon her to secure the orders in question. Among others, defendant cites *Krachun* v. *Krachun* (1959), 355 Mich 167; *Neff* v. *Neff* (1959), 358 Mich 134; *Bowler* v. *Bowler* (1958), 351 Mich 398; and *Hentz* v. *Hentz* (1963), 371 Mich 335.

Plaintiff does not deny that the trial judge granted the orders in question solely upon the report and recommendation of the friend of the court, but claims that no proofs are necessary and that the orders should stand because defendant did not deny the petitions of March 29, 1966, and July 6, 1967, and did not file his motions to strike the petition and to vacate the orders until May 23, 1967, and some time after July 10, 1967. However, as noted, defendant did object to the first petition, and the order of December 20, 1966, states that objections were filed by defendant. The transcripts disclose that the defendant consistently contested the proceedings.

Plaintiff relies on *Mapes* v. *Mapes* (1953), 336 Mich 137, for her position that no proofs were necessary to support the orders in question. The case does not so hold. There the husband admitted the allegations of the wife's petition and on that basis the Supreme Court, per Mr. Chief Justice Dethmers, said, "The admissions obviated the necessity for taking proofs in support of the plaintiff's petition." The Court found supporting authority in *Detroit Trust Co.* v. *Smith* (1931), 256 Mich 376, where it was held that when the defendant admits liability in his pleading on the claim against him, the plaintiff is entitled to judgment in accordance with such admission if the same is unequivocal and it is clear

that no issue of fact is to be decided. 34 CJ 143, Judgment.

The record here discloses no admissions by defendant, either in his pleadings or by counsel in oral argument.

It is well settled that jurisdiction in divorce cases is statutory, and every power exercised by the court must have its source in the statute or it does not exist. *Gallison* v. *Gallison, supra.* CLS 1961, § 552.17a (Stat Ann 1957 Rev § 25.97[1]) provides:

"The court shall have jurisdiction in making such order or decree relative to the minor children of such parties as authorized in this chapter to award custody of each such child to 1 of the parties * * * until each such child has attained the age of 18 years and may require the husband to pay such allowance as may be deemed proper for the support of each such child until each such child shall have attained that age and may in its discretion in case of exceptional circumstances requiring the same, require payment of such allowance for any such child after he attains that age."

CL 1948, § 552.17 (Stat Ann 1957 Rev § 25.97) provides:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children shall require."

These provisions have been construed to authorize the court to modify a decree of divorce regarding support upon a showing of exceptional circumstances where the child is over age 18, and upon a showing of a change in circumstances where the

child is under age 18.   9 MLP 531, Divorce, and
cases cited.   However, no case has been cited and
none found where a modification was upheld where
the record in the trial court did not disclose. evi-
dence warranting the same.

We believe this case is controlled by *Krachun* v.
*Krachun, supra,* and *Neff* v. *Neff, supra,* where the
Supreme Court held that an evidentiary record is
required in proceedings to modify a decree of di-
vorce involving minor children.

This Court is not unmindful of the compelling
necessity for a busy trial judge to rely heavily upon
the friend of the court for assistance in the ever
increasing case load in domestic relations matters.
The trial court is, of course, authorized by CL 1948,
§ 552.253 (Stat Ann 1957 Rev § 25.173) to consider
the report and recommendation of the friend of the
court in making its determination where the par-
ties are heard, *Metzinger* v. *Metzinger* (1945), 310
Mich 335, but such report and recommendation is
not admissible in evidence, *Brugel* v. *Hildebrandt*
(1952), 332 Mich 475, except by agreement of all
parties, *Bowler* v. *Bowler, supra.*

Defendant having failed to brief the question
raised below concerning lack of verification of the
petitions filed by plaintiff, we need not consider
the same.   *Allen* v. *Morris Building Co.* (1960), 360
Mich 214; *Chrysler Corporation* v. *Nohmer* (1947),
319 Mich 153; *Wilkinson* v. *Lanterman* (1946), 314
Mich 568.

The orders modifying the judgment of divorce
are vacated and we remand for proceedings in con-
formity with this opinion.   No costs.

Lesinski, C. J., and Levin, J., concurred.