DEMPSEY v DEMPSEY

Docket No. 64972. Decided October 1, 1980. On application by defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, modified the judgment of the Court of Appeals.

Shirley A. Dempsey brought an action for divorce against John J. Dempsey. The Leelanau Circuit Court, William R. Brown, J., granted custody of their three minor children to the defendant father. The Court of Appeals, V. J. Brennan, P.J., and Beasley and Bowles, JJ., reversed the order of custody on the ground that the trial court gave undue weight to the defendant's greater economic capacity to provide for the children's material needs, and ordered that custody be given to the plaintiff (Docket No. 44759). Defendant applies for delayed leave to appeal. *Held:*

The conclusion that undue weight was given to the economic circumstances of the parties in this case does not justify the result directed by the Court of Appeals. The Legislature has mandated a strong presumption in favor of the findings of trial judges in custody matters. In order to conclude that the plaintiff should have been awarded custody, it was necessary not only to find that the circuit judge overemphasized the economic circumstances of the parties, but also to find that the great weight of the evidence on some other factor or factors favored the plaintiff. In this case, the circuit judge found none of the statutory factors of the Child Custody Act to favor awarding custody to the plaintiff, and the Court of Appeals opinion points to no other error in the findings that would provide the basis for an order changing custody.

The judgment of the Court of Appeals is modified, and the matter is remanded to the circuit court for reconsideration of the custody issue and other issues.

96 Mich App 276; 292 NW2d 549 (1980) affirmed, as modified.

*Troester, Picard & DeWit* for plaintiff.

*Hubbell, Houlihan, Elhart & Bishop* for defendant.

Per Curiam. The defendant's delayed application for leave to appeal in this divorce case asks us to review the Court of Appeals decision reversing the circuit judge's award of custody of the parties' minor children to the defendant. The Court of Appeals concluded that the circuit judge committed a "palpable abuse of discretion" in the weight he afforded to the defendant's greater economic capacity to provide for the children's material needs. 96 Mich App 276; 292 NW2d 549 (1980). We agree that that factor was given excessive weight, but conclude that the proper remedy was not to order a change of custody, but rather to remand to the circuit court for reconsideration, giving appropriate weight to the factors relevant to the custody decision. We modify the Court of Appeals judgment accordingly.

I

The circuit judge's opinion on the custody question considered the factors relevant to the "best interests of the child" set forth in MCL 722.23; MSA 25.312(3):

" 'Best interests of the child' means the sum total of the following factors to be considered, evaluated and determined by the court:

"(a) The love, affection and other emotional ties existing between the competing parties and the child.

"(b) The capacity and disposition of competing parties to give the child love, affection and guidance and continuation of the educating and raising of the child in its religion or creed, if any.

"(c) The capacity and disposition of competing parties to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

"(d) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.

"(e) The permanence, as a family unit, of the existing or proposed custodial home.

"(f) The moral fitness of the competing parties.

"(g) The mental and physical health of the competing parties.

"(h) The home, school and community record of the child.

"(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.

"(j) Any other factor considered by the court to be relevant to a particular child custody dispute."

The circuit judge found that seven of the factors did not weigh in favor of either party, but that the factors listed in paragraphs (c), (d), and (j) favored the defendant. He concluded that the defendant had a substantially greater capacity and disposition to provide for the children's material needs, that custody with the defendant would promote continuity of the children's life in a stable environment, and that the plaintiff's interest in seeking the divorce and the defendant's demonstration of greater ability to change his routine and develop plans for the care of the children weighed in favor of awarding custody to the defendant.

## II

The Court of Appeals reversed, concluding that the trial judge had placed excessive reliance on the economic circumstances of the parties:

"The trial judge evaluated the relevant economic circumstances of the parties in such a way as almost to preclude plaintiff from gaining custody. Pre-eminent

and decisive reliance was placed upon defendant's superior economic position. True, the employment of the plaintiff had been sporadic and part-time, but she had had three pregnancies, the responsibility of caring for the children, and the youngest child, not three years old, was an epileptic who required special care. This care was provided by plaintiff. Indeed, the trial judge in reference to stability of environment, MCL 722.23(d); MSA 25.312(3)(d), relied again on the economic factor in part:

" 'Defendant has a greater interest and the capacity to continue to maintain that home.'

"Further, the property disposition was such that the plaintiff probably could never gain custody in the future, keeping in view her very limited economic capacity and the great emphasis which the court placed on relative economic circumstances." 96 Mich App 288.

## III

We do not disagree with the Court of Appeals admonition against giving excessive weight to the economic circumstances of the parties in deciding the custody issue, nor do we disagree with its conclusion that undue weight was given to that factor in this case. However, this conclusion does not justify the result directed by the Court of Appeals. The Legislature has mandated a strong presumption in favor of the findings of trial judges in custody matters.[1] In order to conclude that the plaintiff should have been awarded custody, it was necessary not only to find that the circuit judge overemphasized the economic circumstances of the

[1] "To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28; MSA 25.312(8).

parties, but also to find that the great weight of the evidence on some other factor or factors favored the plaintiff. In this case, the circuit judge found none of the statutory factors to favor awarding custody to the plaintiff, and the Court of Appeals opinion points to no other error in the findings that would provide the basis for an order changing custody.

Accordingly, in lieu of granting leave to appeal, we modify the Court of Appeals judgment and remand the case to the circuit court for reconsideration of the custody and other issues in light of the Court of Appeals opinion, with such further hearings as the circuit judge finds appropriate.

We do not retain jurisdiction.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.