## NICHOLS v NICHOLS

Docket No. 51912. Submitted November 7, 1980, at Lansing.—Decided May 20, 1981. Leave to appeal denied, 411 Mich 1045.

Bonnie J. Nichols brought an action against James G. Nichols for divorce. Subsequently, the friend of the court submitted a report recommending custody in plaintiff and child support. Defendant filed objections to the recommendation and a countercomplaint for divorce. Following trial, St. Clair Circuit Court, Halford I. Streeter, J., granted the divorce and awarded custody of the parties' children to plaintiff. Defendant appealed, but the claim of appeal was dismissed as being untimely. Defendant then sought leave to appeal in the Court of Appeals, which was denied. Defendant subsequently sought leave to appeal in the Supreme Court which, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for plenary consideration as on leave granted, 408 Mich 941 (1980). Defendant alleges on appeal that the decision of the trial court was against the great weight of the evidence and that the trial court erred in denying his motion to appoint a behavioral scientist to assist in determining custody and in considering a report prepared by the friend of the court. *Held:*

1. The trial court's findings of fact and conclusions of law are supported by the evidence in the case.

2. The appointment of a behavioral scientist to assist in determination of custody is discretionary with a trial court in a divorce action. The trial court did not err in denying defendant's motion.

3. The trial court properly considered the report by the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error § 135.

5 Am Jur 2d, Appeal and Error §§ 704, 772, 868, 882.

[3] 24 Am Jur 2d, Divorce and Separation §§ 783, 793.

[4–6] 4 Am Jur 2d, Amicus Curiae §§ 1–4.

24 Am Jur 2d, Divorce and Separation §§ 376 *et seq.,* 793.

Right, in child custody proceedings, to cross-examine investigating officer whose report is used by court in its decision. 59 ALR3d 1337.

friend of the court, as authorized by court rule and statute, prior to determining custody.

Affirmed.

BEASLEY, P.J., concurred. He would note that the fact that the trial court was aware of the recommendation and report of the friend of the court prior to determining custody did not disqualify the court from making the determination even though the issue was contested, the holding in *Dempsey v Dempsey,* 96 Mich App 276 (1980), notwithstanding. He would affirm.

### OPINION OF THE COURT

1. DIVORCE — APPEAL — DE NOVO REVIEW.

   The Court of Appeals reviews divorce matters *de novo* upon the record but gives great weight to the findings of fact of the trial court which saw the witnesses and heard the testimony.

2. DIVORCE — APPEAL — CUSTODY AWARDS — STATUTES.

   A custody award in a divorce action must be affirmed on appeal unless the trial judge made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

3. DIVORCE — CUSTODY — SUPPLEMENTAL REPORTS — JUDICIAL DISCRETION.

   A trial court in a divorce action in its discretion may appoint a behavioral scientist to submit a report to the court to assist it in determining the best interests of a child upon motion of a party, and denial of such motion does not constitute error.

4. DIVORCE — CUSTODY — SUPPLEMENTAL REPORTS — FRIEND OF THE COURT — EVIDENCE.

   A trial court in a divorce action may consider a supplemental report by the friend of the court in determining child custody, but such report is inadmissible as evidence absent agreement of the parties.

### CONCURRENCE BY BEASLEY, P.J.

5. DIVORCE — CUSTODY — VISITATION RIGHTS — CHILD SUPPORT — SUPPLEMENTAL REPORTS — FRIEND OF THE COURT — COURT RULES — STATUTES.

   *A trial court in a divorce action is authorized by statute and court rule to consider a recommendation by the friend of the court prior to determining custody, visitation, and child support*

*questions; however, neither the recommendation nor the reports on which it is based are admissible as evidence where such questions become contested matters requiring an evidentiary hearing except by stipulation of the parties (GCR 1963, 727.1; MCL 552.253; MSA 25.173).*

6. Divorce — Custody — Visitation Rights — Child Support — Supplemental Reports — Friend of the Court.

*Awareness by a trial court in a divorce action of the contents of recommendations and reports by the friend of the court does not disqualify the court from deciding contested issues relative to custody, visitation, and child support, but such issues must be decided upon competent evidence.*

*Daniel J. Kelly,* for plaintiff.

*Lyon, Mellon & Conboy,* for defendant.

Before: Beasley, P.J., and R. M. Maher and R. S. Hoffius,* JJ.

Per Curiam. Defendant appeals from a judgment of divorce entered on October 15, 1979, following trial on July 27, 1979. The parties were married on August 22, 1970. Two children were born: Brett, born June 30, 1972, and Renee, born October 20, 1974. The family resided in St. Clair County until the fall of 1976, when they moved to Cheboygan, Michigan, where defendant began the practice of architecture. In the summer of 1978, marital problems developed, and the couple separated. Plaintiff took the children and returned to St. Clair County. On June 30, 1978, she filed a complaint for divorce in St. Clair County Circuit Court. Defendant also filed one in Cheboygan County Circuit Court, but the jurisdictional problem was eventually resolved in favor of St. Clair County.

On December 28, 1978, the friend of the court's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

report was filed, recommending custody in plaintiff and child support of $90 per week. On January 8, 1979, defendant filed objections to the report. Defendant also filed a countercomplaint for divorce and a request for custody of the two children.

After trial, the court, in a written opinion and judgment, granted the divorce and gave custody of the two children to plaintiff. Defendant appeals from the judgment.

Defendant claims that the judge's opinion was against the great weight of the evidence and that the trial court erroneously refused to appoint a behavioral scientist to assist in making the child custody determination and improperly considered a report prepared by the friend of the court.

The trial judge, in a carefully written opinion, reviewed the entire proceedings, including his interviews with both children, and made findings of fact in accordance with the Child Custody Act. Defendant had sought joint custody, but the court determined that it "would not be in the best interest of the children". It should be noted that the award of custody in the case at bar antedated the recent joint custody amendment to the Child Custody Act of 1970, MCL 722.26a; MSA 25.312(6a). The court granted defendant visitation rights for four weeks during the summer vacation, monthly weekend visits from Friday to Sunday, alternate Thanksgiving weekends (four days), and equal time during spring and Christmas breaks.

This Court reviews divorce matters *de novo* upon the record; however, where, as here, the trial judge saw the witnesses and heard the testimony, we give great weight to his findings of fact. *Bowler v Bowler,* 351 Mich 398, 403-404; 88 NW2d 505 (1958), *McCarthy v McCarthy,* 74 Mich App 105, 108-109; 253 NW2d 672 (1977). Moreover, a cus-

tody award must be affirmed on appeal "unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue". MCL 722.28; MSA 25.312(8).

The trial court's findings of fact and conclusions of law are supported by the evidence in the case. Two weeks before the trial date defendant filed a motion requesting that a behavioral scientist be appointed to submit a report to the court to assist in determining the best interests of the children. The motion was heard on the day set for trial, and the court in its discretion denied the motion. Defendant concedes that the appointment of such a person is within the discretion of the court, and this Court finds no error in the denial of the motion.

This Court is further of the opinion that the consideration by the trial judge of a supplemental report by the friend of the court was not error in this case, even though the parties did not agree to its admission into evidence. "Such a report is authorized by statute for the consideration of the circuit judge." *Krachun v Krachun,* 355 Mich 167, 169; 93 NW2d 885 (1959), MCL 552.253; MSA 25.173. "The trial judge may consider the report in reaching his decision, but the report is inadmissible as evidence unless all of the parties agree otherwise." *McCarthy, supra,* 109. The trial judge remains "in duty bound to exercise his own judgment on properly received evidence". *Brugel v Hildebrant,* 332 Mich 475, 484; 52 NW2d 190 (1952). We hold that the trial judge in the case at bar fulfilled his duty.

Defendant's remaining allegations of error are unpersuasive.

Affirmed. Costs to plaintiff.

BEASLEY, P.J. *(concurring)*. I concur fully in the majority's opinion, but write additionally, since I was a member of the panel in *Dempsey v Dempsey*,[1] which is cited in this opinion and was referred to in the briefs.

While I have no desire to recant from the result and the findings in *Dempsey*, I have second thoughts about the language used with respect to the recommendation and report of the friend of the court. While this language was in the nature of dicta, unnecessary to decision, it is, to say the least, misleading.

Insofar as the following emphasized language from *Dempsey* is interpreted to suggest that awareness by a trial judge of the contents of a friend of the court report or recommendation not admitted in evidence requires reversal on appeal, it is erroneous:

"It was error for the court to weigh, in making his custody determination, any evidence not made part of the record, including the friend of the court report. *The trial judge's admitted knowledge of the contents of this report might well have had a persuasive effect in the final determination of custody. For this reason alone we would have to vacate the trial court's custody order.*"[2] (Emphasis added.)

MCL 552.253; MSA 25.173 provides as follows:

"Sec. 3. Said 'Friend of the Court' shall have full power by citation or other order duly issued by the circuit court to compel the attendance of witnesses to take testimony and to do each and everything necessary, including the taking of contempt proceedings, to collect any and all delinquent payments due for said

---

[1] 96 Mich App 276; 292 NW2d 549 (1980), *modified on other grounds* 409 Mich 495; 296 NW2d 813 (1980).

[2] *Id.*, 284.

dependent minor children, to make recommendations to the circuit courts for the betterment of the conditions of said dependent minor children and to ascertain the moral and general conditions surrounding said dependent minor children and shall report the result of his findings in writing to the circuit court. The judges of each of the several judicial circuits throughout the state of Michigan may refer to the 'Friend of the Court' for investigation and recommendation all pleadings, including motions in divorce, separate maintenance and annulment cases wherein the rights of dependent minor children are involved. Said 'Friend of the Court' shall assume responsibility for the enforcement of all preliminary and interlocutory as well as decretal orders in such causes. The court may designate the 'Friend of the Court' to act as referee in the taking of testimony of witnesses and hearing the statement of parties upon pending motions and such 'Friend of the Court' so designated shall take and subscribe the oath of office provided by constitution and shall have authority to administer oaths and examine witnesses and shall make a written, signed report to the court containing a summary of the testimony and a recommendation for the court's findings and disposition of such matters."

GCR 1963, 727.1 amplifies and specifies the statutory duties of the friend of the court as follows:

".1 Investigation and Report. In all actions in which an application is made for alimony, for the support and maintenance of a wife or minor children, or for the custody of minor children, the Friend of the Court shall:

"(1) Investigate the financial ability, occupation and earning capacity of the parties; and

"(2) If there are minor children, investigate the home conditions, environment and surroundings of the parties and of any other person in whose home the children are being kept, or are proposed to be kept at any time; and

"(3) Include in a final report a finding as to home conditions and finances of the parties and the moral

surroundings and care given the child or children, together with a recommendation as to custody, visitation rights, amount of support, and amount of alimony. A copy of the final report shall be filed and notice of filing given to counsel for each party in the manner provided for in Rule 107.

"All motions may be referred to the Friend of the Court for investigation and recommendation."

As all circuit judges are well aware, in one form or another the friend of the court recommendation is almost invariably placed in the court file for their review. Thus, the court rule and statute may be said to *require* making the friend of the court recommendation available to the court. We would assume that this includes a direction to the circuit judge to be aware of it. Complying with the statute and court rule by reading the friend of the court recommendation does *not* disqualify the trial judge from deciding custody, visitation, and child support questions.[3]

However, it is the law that where custody, visitation, or child support becomes a contested matter for evidentiary hearing, the friend of the court recommendation is *not* admissible in evidence except by stipulation of the parties. Neither are the reports (the so-called raw file) of the friend of the court admissible in evidence, except as stipulated.

The findings of a trial judge relative to custody must be based upon competent evidence adduced in the hearing. The recommendation and reports of the friend of the court are *not* such admissible evidence in the contested hearing except upon stipulation of the parties.

In summary, the trial judge may read and re-

---

[3] *Ewald v Ewald,* 14 Mich App 665, 672; 166 NW2d 49 (1968), *Campbell v Evans,* 358 Mich 128, 131-132; 99 NW2d 341 (1959), *Krachun v Krachun,* 355 Mich 167, 169; 93 NW2d 885 (1959), *Bowler v Bowler,* 351 Mich 398; 88 NW2d 505 (1958).

view the friend of the court recommendation and reports. Awareness of the contents of such recommendations and reports does not disqualify the trial judge from deciding contested issues, but where there is a contested issue it must be decided upon competent evidence.