STEVENSON v STEVENSON

1. Infants—Divorce—Child Custody—Visitation Rights—Support Payments—Statutes.

It is impermissible for a trial court to use custody or visitation privileges as a weapon to enforce child support payments (MCLA 722.21 *et seq.;* MSA 25.312[1] *et seq.).*

2. Infants—Divorce—Visitation Rights—Child Custody Act—Statutes.

Disputes over privileges of child visitation are governed by the child custody act (MCLA 722.21 *et seq.;* MSA 25.312[1] *et seq.).*

3. Divorce—Infants—Appeal and Error—Visitation Rights—Erroneous Findings of Fact—Palpable Abuse of Discretion—Statutes.

A lower court's order denying a divorced father specific visitation rights should be affirmed on appeal where the trial judge neither made erroneous findings of fact nor committed a palpable abuse of discretion (MCLA 722.28; MSA 25.312[8]).

4. Infants—Divorce—Visitation Rights—Modification of Rights—Established Custodial Environment—Best Interests of Child.

A trial court should not grant an order modifying child visitation privileges which would amount to a change in the established custodial environment of the child involved unless the court is persuaded by clear and convincing evidence that the change would be in the best interests of the child (MCLA 722.27[c]; MSA 25.312[7][c]).

5. Infants—Divorce—Friend of Court Reports—Evidentiary Hearing—Visitation Rights—Appeal and Error.

Friend of the court reports and recommendations are not admissible at an evidentiary hearing on a father's motion for specific visitation privileges unless both parties stipulate for admission on the record; however, where such a report was admitted and

References for Points in Headnotes
[1] 24 Am Jur 2d, Divorce and Separation §§ 862–875.
[2–5] 24 Am Jur 2d, Divorce and Separation §§ 801–804.

neither party objected to its admission and the record shows that the trial judge did not rely on the report in his decision on the motion, there was no reversible error.

Appeal from Wayne, Joseph G. Rashid, J. Submitted January 12, 1977, at Detroit. (Docket No. 27406.) Decided March 31, 1977.

Complaint by Barbara Stevenson against James W. Stevenson seeking a divorce. Judgment granted. Order entered denying defendant's motion for specific rights of child visitation. Defendant appeals. Affirmed.

*John L. Kadela* (by *Richard C. Tripp),* for plaintiff.

*Robinson & Dufault, P. C.,* for defendant.

Before: T. M. BURNS, P. J., and QUINN and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant appeals as of right from a circuit court order denying his request for specific rights of child visitation.

Plaintiff and defendant were married on March 14, 1964, and separated but six months later. Their son was born February 1, 1965, and plaintiff filed for divorce in November, 1965. The circuit court granted plaintiff a divorce on March 14, 1967, awarded custody of the child to the mother, and required defendant to pay $20 weekly as child support. The same order granted defendant unspecified visitation rights. Both parties have since remarried.

Defendant took up residence in New York state, while plaintiff and their son remained in the Detroit area. Prior to 1973, defendant made but two attempts to visit his child; in both instances,

visitation was refused by plaintiff. Until 1973, defendant made no attempt to comply with the order to pay support.

Defendant's father died in 1973. Over defendant's objection, plaintiff succeeded in obtaining some $7,000 in support arrearage by having the friend of the court appointed as receiver of the legacy due to her former husband. The circuit court also denied defendant's motion for specific periods of visitation and reduction in support, leaving untouched the original provisions of the divorce decree.

Defendant renewed his motion for specific visitation rights in September, 1974, and January of 1975. These motions were denied or adjourned.[1] The circuit court finally held an evidentiary hearing on January 16, 1976. After hearing testimony and the parties' arguments, the trial court ruled that the best interests of the child required that the defendant be denied all visitation rights. In view of this ruling, plaintiff waived any right to continued support payments. It is from the modification of the visitation provisions of the original divorce decree that defendant appeals.

Since 1971, the Child Custody Act, 1970 PA 91; MCLA 722.21 *et seq.;* MSA 25.312(1) *et seq.,* has governed disputes over child visitation. While the act focuses on custody disputes, there can be little doubt that the act was intended to control visitation privileges as well. MCLA 722.24, 722.27,

---

[1] It appears from the record of the subsequent hearing that these motions for visitation were denied because defendant was then delinquent in his child support payments. While these dismissals are not directly challenged on this appeal, we note here that such practices will not stand scrutiny. To use custody or visitation privileges as an enforcement weapon runs counter to basic principles of the Child Custody Act and the principles of that statute's precursor, 1873 PA 192. *Bylinski v Bylinski,* 25 Mich App 227; 181 NW2d 283 (1970), *Parrott v Parrott,* 53 Mich App 635; 220 NW2d 176 (1974).

722.27a; MSA 25.312(4), 25.312(7), 25.312(7a). *Lorenz v Lorenz,* 70 Mich App 356; 247 NW2d 569 (1976). Our review of the record convinces us that the trial court did not make erroneous findings nor commit a palpable abuse of discretion which would justify reversal. MCLA 722.28; MSA 25.312(8).

The defendant sought a modification of the divorce decree to force the plaintiff to allow him specific times for visitation. Under MCLA 722.27(c); MSA 25.312(7)(c) the requested modification would amount to a change in the "established custodial environment" of the child which had been established over the ten-year period of his mother's care and support. The trial court could not grant such a modification unless persuaded by clear and convincing evidence that the change would be in the best interests of the child. We agree with the trial court that the defendant failed to meet his burden.

The trial court found that the defendant abandoned the child to its mother's care from 1965 to 1973, a period of eight years. It was only in response to plaintiff's attempt to collect delinquent child support payments that defendant asserted a claim to specific visitation. The parties do not dispute the adequacy of care or attention received by the child in its mother's home.

The factor most emphasized by the trial court was the nature of the child's relationship within a stable home environment. The record shows that the child considers his stepfather to be his real father and his half-brothers to be true brothers. The child is emotionally sensitive and even defendant admits the possibility that his late intervention after 11 years absence may traumatize the young boy. In our view the trial court, although seemingly confused as to the applicability of the

Child Custody Act, *supra,* did consider the relevant factors for the best interests of the child, MCLA 722.23; MSA 25.312(3), and properly found that the defendant had failed to meet his burden of proof to justify modification of the established custodial environment. MCLA 722.27(c); MSA 25.312(7)(c).

The defendant also complains that the trial court impermissibly took into consideration the report and recommendations of the friend of the court. Under prior precedents, friend of the court reports are not admissible unless both parties so stipulate on the record. However, neither party objected to this evidence, and the record shows that the trial court did not rely on these recommendations in his decision. We perceive no reversible error.

Affirmed. Costs to plaintiff.