IRISH v IRISH

Docket No. 47452. Submitted June 6, 1980, at Grand Rapids.—Decided November 21, 1980.

Jane E. Irish moved for a modification of her judgment of divorce from Dwain K. Irish, Jr., regarding her visitation rights with her minor children. Defendant answered, alleging that plaintiff was engaged in a lesbian relationship, which plaintiff later confirmed, and moved that the judgment be modified to restrict plaintiff's visitation rights to nonovernight visits for the duration of her relationship. Benzie Circuit Court, Charles H. Wickens, J., ordered modification of the judgment of divorce, continuing plaintiff's right to overnight visitations with her children provided that no intimate sexual contact should take place between plaintiff and her lover in the presence of the children, that no overnight visitation should be permitted so long as plaintiff's lover remained in the home overnight and that, if her lover did remain overnight, plaintiff was required to return the children to defendant prior to their retiring. Plaintiff appeals, alleging that the trial court erred in basing its decision solely on the fact that she is a lesbian and for failing to make specific findings of fact in determining the best interests of the children. *Held:*

1. The modification of plaintiff's visitation rights did not constitute a change in the established custodial environment of her children and did not require a finding by the trial court that such modification was in the best interests of the children by clear and convincing evidence. The standard to be applied is that the best interests of the children are to be established by a preponderance of the evidence. Under this standard, the decision of the trial court was based on sufficient evidence.

2. The trial court did not err in failing to articulate *seriatim* findings of fact pertaining to each of the statutorily enumer-

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 776.
[2, 3, 5] 24 Am Jur 2d, Divorce and Separation §§ 819-823.
Complete denial of visitation rights of divorced parent. 88 ALR2d 148.
[4] 24 Am Jur 2d, Divorce and Separation § 823.

ated factors to be considered by the court in determining the best interests of the children. Plaintiff's petition requested modification of visitation rights and was not directed to the issue of custody. In addition, plaintiff apparently acquiesced in the limitation of testimony to the contested issue.

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY ACT — VISITATION DISPUTES — CUSTODY DISPUTES — STATUTES.

The Child Custody Act should apply to disputes over child visitation in the circuit court as well as to child custody disputes and actions (MCL 722.26; MSA 25.312[6]).

2. PARENT AND CHILD — MODIFICATION OF CHILD CUSTODY AWARDS — BEST INTEREST OF A CHILD — STATUTES.

A modification of a child custody award which changes the established custodial environment of a child shall not be made unless there is clear and convincing evidence that the modification is in the best interest of the child (MCL 722.27[c]; MSA 25.312[7][c]).

3. PARENT AND CHILD — MODIFICATION OF CHILD VISITATION RIGHTS — BEST INTEREST OF A CHILD — STATUTES.

A modification of visitation rights under a child custody award should not require a finding that there is clear and convincing evidence that the modification is in the best interest of a child, but only that there is a preponderance of such evidence (MCL 722.27[c]; MSA 25.312[7][c]).

4. PARENT AND CHILD — CUSTODIAL ENVIRONMENT — MODIFICATION OF CHILD CUSTODY AWARDS — HOMOSEXUALS — STATUTES.

The continued presence of a homosexual lover of a child's parent should not be considered an element of a child's custodial environment to be preserved and protected by the clear and convincing statutory standard where a modification of a child custody award is made (MCL 722.27[c]; MSA 25.312[7][c]).

5. PARENT AND CHILD — MODIFICATION OF CHILD VISITATION RIGHTS.

There is no reversible error in an action for modification of child visitation rights in a trial court's deciding to forgo *seriatim* articulation of the statutory factors which embody the best interest of a child and to focus solely on a contested issue where a plaintiff acquiesces in the limitation of testimony to the contested issue and where the petition for modification is not directed to the issue of custody (MCL 722.23; MSA 25.312[3]).

*Charles H. Koop,* for plaintiff.

Before: R. B. BURNS, P.J., and MACKENZIE and J. T. KALLMAN,* JJ.

PER CURIAM. Plaintiff, Jane E. Irish, was granted a judgment of divorce on September 25, 1978. Custody of the parties' minor children was awarded to defendant, Dwain K. Irish, Jr., while plaintiff was given the right of visitation every other weekend, one day per week, one week per month in June, July, and August, and on certain alternate holidays. On March 14, 1979, plaintiff filed a petition requesting modification of visitation on the ground that the defendant's move to a location approximately 80 miles from plaintiff's home had infringed upon her rights to see the children. In answer, defendant alleged that plaintiff was engaged in a lesbian relationship, and defendant asked that only nonovernight visits be permitted between plaintiff and the children while the alleged relationship continued.

At the hearing on plaintiff's petition, plaintiff admitted the existence of a lesbian relationship with a woman who resided with her. Plaintiff testified that the relationship was stable and that it continued in private during the children's visits, though plaintiff denied ever having sexual relations with her lover during the children's visitation periods.

Defendant testified at the hearing that he would have no objection to the change in visitation sought by plaintiff if plaintiff were to discontinue her lesbian relationship. Testimony was also given by the friend of the court who stated that he believed that, if the sexual nature of the relation-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ship was openly expressed in the presence of the children, it would have a harmful effect on the children.

The trial court found that plaintiff's lesbian relationship was detrimental to the health and upbringing of the parties' children, especially to the parties' son who was about eight years old, and that it would only be a matter of time until the younger child, a girl of about five years old, became aware of the relationship. The court noted that it had no objection to the plaintiff's lesbian relationship, provided that the relationship was not exercised in the children's presence. The trial court's final order continued visitation as it existed but provided that while the children were visiting plaintiff no intimate sexual conduct was to take place between plaintiff and her lover in the children's presence and that the children could not remain overnight if plaintiff's lover were present overnight. Plaintiff appeals, and we affirm.

Plaintiff maintains that the trial court erred in restricting plaintiff's visitation rights based solely on the fact that plaintiff is a lesbian. Plaintiff asserts that this fact was well-known to all involved in the initial custody proceedings and that it cannot, therefore, constitute clear and convincing evidence of a change in the children's established custodial environment which, in the best interest of the children, would require a modification of visitation pursuant to § 7(c) of the Child Custody Act. MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.* Plaintiff also challenges the failure of the trial court to make specific findings of fact on the factors set forth in § 3 of the act, MCL 722.23; MSA 25.312(3).

Prior to addressing plaintiff's specific allegations

of error we consider the threshold question of whether the provisions of the Child Custody Act cited by plaintiff are relevant to this proceeding. Initially, we note that, though the act addresses itself to "circuit court child *custody* disputes and actions" (emphasis added), ·MCL 722.26; MSA 25.312(6), this Court has held that the act also applies to disputes over child visitation. *Cooper v Cooper,* 93 Mich App 220, 228; 285 NW2d 819 (1979), *Stevens v Stevens,* 86 Mich App 258, 270; 273 NW2d 490 (1978), *Henshaw v Henshaw,* 83 Mich App 68, 72; 268 NW2d 289 (1978), *Stevenson v Stevenson,* 74 Mich App 656, 658; 254 NW2d 337 (1977).

Section 7(c) of the act, MCL 722.27(c); MSA 25.312(7)(c), provides that a modification which changes the "established custodial environment" of a child cannot be made unless there is "clear and convincing evidence that it [the modification] is in the best interest of the child". Plaintiff has argued that the modification of plaintiff's visitation rights was made without such clear and convincing evidence. The "clear and convincing" standard of § 7(c) is applicable only where there is a change in a child's established custodial environment. Because we are persuaded that the modification of plaintiff's visitation rights did not constitute such a change, we find that the clear and convincing standard need not have been met. For the most part, plaintiff's visitation rights were left untouched. If the environment of the children was changed at all by the court's order, it was simply that the children would have less contact with their mother's lover. Based on the mores of our society, we do not consider the continued presence of the lover of the children's mother as an element of the children's custodial environment which

must be preserved and protected by the high standard of proof required by § 7(c).

Having found that the evidence need not have met the clear and convincing standard of § 7(c), we apply the less rigid "preponderance" standard and find that the trial court's action was based on sufficient evidence. The provisions which the court added to plaintiff's visitation rights were reasonably drawn to prevent a situation which the friend of the court had indicated would be harmful to the children.

Section 3, MCL 722.23; MSA 25.312(3), sets forth ten factors which embody the "best interest" of a child which the trial court must consider in making an award of custody. Plaintiff's second contention is that error occurred when the trial court failed to articulate *seriatim* findings of fact on each of these factors.

At the hearing on plaintiff's petition, plaintiff began to testify regarding these factors, but her testimony was interrupted by the trial court who secured from defendant a stipulation that plaintiff was providing the children with all their physical necessities during their visits. The trial court, with the apparent acquiescence of plaintiff, limited the testimony to the issue which was contested by the parties. As plaintiff's petition was for a modification of visitation rights and not directed to the issue of custody, and as plaintiff apparently acquiesced in the limitation of testimony, we do not find that it was reversible error for the trial court to have focused solely on the contested issue.

We have reviewed the other matters raised by plaintiff and find that they do not require reversal under the standard of review enunciated in MCL 722.28; MSA 25.312(8).

Affirmed.