HOFFMAN v HOFFMAN

Docket No. 56716. Submitted May 4, 1982, at Lansing.—Decided August 26, 1982.

Plaintiff, Nancy S. Hoffman, was granted custody of her minor child when she obtained a divorce from defendant, Lawrence L. Hoffman. Defendant was granted extensive visitation rights. Plaintiff subsequently petitioned for modification of the child custody order. The Ingham Circuit Court, James T. Kallman, J., held a hearing and issued an order which curtailed defendant's visitation privileges by 30%. Defendant appeals, alleging that the trial court failed to make any finding of fact to support the order of modification and erred by refusing to review the report of the friend of the court and refusing to allow the investigator for the friend of the court to testify. *Held:*

1. The trial court is required to make specific findings with respect to the factors prescribed in the Child Custody Act for consideration in child custody proceedings. In this case, which involves only visitation rights, the court is not required to make findings upon all of the statutory factors but may focus solely upon the contested issues.

2. The trial court erred in holding that it could not consider the report of the friend of the court without the consent of both parties. The report should have been considered.

3. The trial court also erred in holding that the testimony of the investigator was inadmissible. The investigator's testimony as to her observations would not have been hearsay nor would the investigator have to be qualified as an expert to testify as to those observations. She would, however, have to be qualified as an expert to testify as to her recommendations.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation § 801.
   59 Am Jur 2d, Parent and Child §§ 31, 32, 45.
[3] 24 Am Jur 2d, Divorce and Separation § 812.
   42 Am Jur 2d, Infants § 57.
   59 Am Jur 2d, Parent and Child §§ 43, 44.

1. PARENT AND CHILD — CHILD CUSTODY ACT — VISITATION RIGHTS.

The Child Custody Act is intended to govern questions of visitation rights as well as child custody disputes (MCL 722.21 *et seq.;* MSA 25.312[1] *et seq.*).

2. PARENT AND CHILD — VISITATION RIGHTS — CONTESTED ISSUES.

A trial court reaching a decision in a controversy involving only visitation rights need not evaluate each of the factors contained in the Child Custody Act for determination of the best interests of the child in regard to custody; in the case of visitation rights the trial court may focus solely upon the contested issues.

3. PARENT AND CHILD — MODIFICATION OF CUSTODY — EVIDENCE.

A trial court acting upon a petition for modification of a child custody order may consider the report of the friend of the court without the consent of both parties.

*David G. Coleman,* for plaintiff.

*James E. Vande Bunte,* for defendant.

Before: R. M. MAHER, P.J., and BRONSON and R. J. SNOW,* JJ.

PER CURIAM. This is a child custody case. Defendant appeals as of right an order by the trial court modifying the visitation schedule provided for in the original judgment of divorce.

Plaintiff Nancy Hoffman (Nancy) and defendant Larry Hoffman (Larry) got married, produced a child, and shortly thereafter parted company. The divorce decree gave Nancy custody of little Jason; Larry got substantial visitation privileges. The judgment of divorce provided that Larry would have the following visitation rights:

(1) The first and third weekends of each calendar month from 7 p.m. on Friday to 6 p.m. on the succeeding Sunday.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(2) On the "off-weeks" of the month, Larry might visit Jason one day during the week from 5 to 8 p.m. on 24-hour telephone notice.

(3) Larry was to have Jason for the four High Holy Days (religious holidays) of the Jewish faith (first two days of Passover; first two days of Rosh Hashanah; first day of Yom Kippur; and the first day of Chanukah). These holidays were to commence 1-1/2 hours before sundown on the day before the holiday.

(4) Alternating secular holidays.

This schedule was apparently adopted in order to accommodate Larry's "greater concern" for raising Jason in accordance with the Jewish faith.

About a year after the divorce became final, Nancy petitioned for modification of the decree, alleging numerous petty violations of the decree (e.g., forcing Jason to stay with a babysitter on occasion and once returning Jason to plaintiff with soiled underwear as a result of diarrhea).

The circuit court conducted a hearing and issued an order curtailing Larry's visitation privileges. Larry's principal objection to the 30% reduction is that he no longer has Jason on alternate Jewish Sabbaths, which makes it more difficult to raise Jason in accordance with the Jewish religion.

After the circuit court issued its order, defendant filed a motion for reconsideration on the ground that the court had made no findings of fact to support the visitation reduction. The circuit court denied the motion.

We reverse.

On appeal, Larry initially contends that the circuit court erred by failing to make findings of fact in support of its decision. We agree.

This action was brought under the Child Cus-

tody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.,* which states in pertinent part:

"Sec. 7. If a child custody dispute has been submitted to a circuit court as an original action under this act or has arisen incidentally from another action in a circuit court or another or *[sic]* judgment of a circuit court, for the best interests of the child the court may:

"(a) Award the custody of the child to 1 or more of the parties involved or to others and provide for payment of support for the child, until the child reaches 18 years of age. The court may require that support payments shall be made through the friend of the court or clerk of the court.

"(b) Provide for reasonable visitation of the child by the parties involved, the maternal or paternal grandparents, or by others, by general or specific terms and conditions.

"(c) Modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age. The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

"(d) Utilize the community resources in behavioral sciences and other professions in the investigation and study of custody disputes and consider their recommendations for the resolution of the disputes."

This Court has held that the Child Custody Act is intended to govern questions of visitation rights as well as child custody disputes. *Henshaw v Hen-*

*shaw,* 82 Mich App 68, 72; 268 NW2d 289 (1978); *Stevenson v Stevenson,* 74 Mich App 656, 658; 254 NW2d 337 (1977).

The act contains a comprehensive list of factors that are to be considered in determining the custodial arrangement that will be in the best interests of the child. In *Dowd v Dowd,* 97 Mich App 276, 278-279; 293 NW2d 797 (1980), a panel of this Court squarely held that "[t]he trial court must evaluate each of the factors to determine the best interests of the child before deciding a custody or visitation rights dispute". Although we agree with the *Dowd* Court that the trial court must make specific findings with respect to each factor before deciding a custodial dispute, we decline to impose such a requirement in the context of controversies involving only visitation rights. We hold that the trial court in a visitation rights case need not evaluate each of the statutory factors but may focus solely upon the contested issues. See *Irish v Irish,* 102 Mich App 75; 300 NW2d 739 (1980).

If the circuit court's failure to make findings of fact was the only problem with this case, a remand for supplementation of the record would be the appropriate remedy. We find, however, two additional errors requiring reversal and a remand for a new hearing.

Larry contends that the circuit court erred by refusing to review the report of the friend of the court. The circuit court based its refusal on *Dempsey v Dempsey,* 96 Mich App 276; 292 NW2d 549 (1980), *modified on other grounds* 409 Mich 495; 296 NW2d 813 (1980), which apparently stands for the proposition that the trial court may not consider the friend of the court report without the consent of both parties. However, to the extent that *Dempsey* may be read in support of this

proposition, it is incorrect, and we decline to follow it. See *Jacobs v Jacobs,* 118 Mich App 16; 324 NW2d 519 (1982). Accordingly, we find that the circuit court erroneously refused to consider the report of the friend of the court. *Ewald v Ewald,* 14 Mich App 665; 166 NW2d 49 (1968); *Brugel v Hildebrant,* 332 Mich 475; 52 NW2d 190 (1952); *Metzinger v Metzinger,* 310 Mich 335; 17 NW2d 203 (1945).

Larry also contends that the circuit court erroneously refused to permit Mrs. Beverly Nussbaum, the investigator and author of the friend of the court report, to testify as to her observations of Larry, Nancy, and Jason. The circuit court ruled that such testimony would be inadmissible as hearsay. The court also ruled that Mrs. Nussbaum was not competent to testify as to these observations because she was not qualified as an expert.

We reject both of these rulings. First of all, this testimony would not have been hearsay. Secondly, one need not be an expert to testify as to one's personal observations. We note, however, that a finding of expertise would be required before Mrs. Nussbaum could testify as to her *recommendations.*

We are somewhat concerned by the circuit court's apparent failure to give sufficient weight to Larry's desire to raise Jason in accordance with the Jewish faith. Any future modification of the visitation schedule must not intrude on this objective if at all possible.

On remand, the circuit court is directed to prepare adequate factual findings in support of its decision, pursuant to GCR 1963, 517.1.

Reversed and remanded for a new hearing in accordance with this opinion. We do not retain jurisdiction. Defendant may tax costs.