WOLFE v HOWATT

Docket No. 59973. Submitted April 8, 1982, at Grand Rapids.—Decided August 26, 1982.

Plaintiff, Roger Wolfe, and defendant, Pamela J. Howatt (then Wolfe) were divorced on November 14, 1980. The parties were awarded joint custody and care of their daughter, Beth. Defendant moved to amend the divorce judgment with regard to the custody award. The Kent Circuit Court, Stuart Hoffius, J., granted custody to defendant. The court, in making the award, failed to consider all of the factors required to be considered by the Child Custody Act, failed to state conclusions regarding some of those factors considered, made a comment on an irrelevant factor and failed to find whether a custodial environment had been established. Plaintiff appealed. *Held:*

1. Failure to consider all the factors required by the Child Custody Act requires a remand for consideration of neglected factors.

2. The trial court must state a conclusion as to each factor.

3. Consideration of irrelevant factors is improper. On remand, the judge must explain how much weight was placed on the irrelevant factor.

4. On remand, the trial judge must determine if a custodial environment had been established, because, if it had, a change of custody may be ordered only upon a showing·by clear and convincing evidence that the change would be in the child's best interest.

Reversed and remanded.

PARENT AND CHILD — CHILD CUSTODY — COURT RULES.

A trial court, in deciding a custody dispute, must evaluate each of the factors listed in the Child Custody Act as comprising the best interest of the child and must make definite findings of fact and state conclusions of law in determining each of the factors; a trial court may not change the established custody

REFERENCES FOR POINTS IN HEADNOTE
24. Am Jur 2d, Divorce and Separation § 812.
42 Am Jur 2d, Infants § 57.
59 Am Jur 2d, Parent and Child §§ 31; 32, 43, 44.

unless clear and convincing evidence is presented that the change is in the child's best interest (MCL 722.23, 722.27[c]; MSA 25.312[3], 25.312[7][c]; GCR 1963, 517.1).

*Mohney, Goodrich & Titta, P.C. (by Robert D. Vander Laan),* for plaintiff.

*Schmidt, Howlett, Van't Hop, Snell & Vana* (by *Robert P. Cooper* and *Bruce Goodman),* for defendant.

Before: MacKENZIE, P.J., and D. E. HOLBROOK, JR., and D. S. DeWITT,* JJ.

PER CURIAM. Plaintiff appeals as of right a September 3, 1981, lower court order granting custody of the parties' minor child to defendant and permitting her to remove the child to Illinois. Upon a review of the record, we are convinced that we must remand for supplementation of the record for four reasons.

First, MCL 722.23; MSA 25.312(3) presents 11 factors that a trial judge must consider in determining the "best interests of the child". Each factor must be individually considered. *Lustig v Lustig,* 99 Mich App 716, 731; 299 NW2d 375 (1980). Factor (j) was added to the statute effective January 14, 1981. Because this hearing was held in August, 1981, the trial judge was bound to consider it. The judge's failure to do so requires remand.

Second, in *Speers v Speers,* 108 Mich App 543, 545; 310 NW2d 455 (1981), this Court stated that:

"[T]he trial court must evaluate each of the factors contained in MCL 722.23; MSA 25.312(3) to determine the best interests of the child before deciding a custody

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dispute and * * * *a conclusion on each factor must be stated.*" (Emphasis added.)

See also *Currey v Currey,* 109 Mich App 111; 310 NW2d 913 (1981); *Dowd v Dowd,* 97 Mich App 276, 279; 293 NW2d 797 (1980).

In the present case, the trial judge's opinion does not reach any conclusion on factors (b), (e), (g), and (h). Because a decision regarding these four factors is necessary for a proper resolution of this case, we are ordering the trial judge to reach a conclusion on each of them. To reach a conclusion requires weighing the factor for one party or the other or weighing it equally. It does not mean merely mentioning it.

Third, the trial judge stated:

"I think the most important factor is that I see these cases come before me so often and when I am inclined, on a case where the evidence is far stronger than I have here, that the father should be given the custody I merely end up with six months or eight months or a year later having to go through the whole proceeding again and I just hate to see the child go through that type of situation."

This consideration is irrelevant. It penalizes plaintiff merely because the trial judge assumes that defendant will be persistent and it is not a factor based on the child's best interests. It is improper to assume that the child's best interests are always better served by giving the child to the more persistent party. Finally, the trial judge's belief that defendant is likely to continue fighting until she receives custody is not supported by the record. Nothing prevents plaintiff from filing motions to amend the divorce decree until he actually receives custody. There is no evidence in the rec-

ord that establishes that women are more persistent in this regard than men.

If we were convinced that this irrelevant consideration was a substantial factor in the trial judge's decision, we would remand for a new hearing. See *Dempsey v Dempsey,* 409 Mich 495; 296 NW2d 813 (1980); *Adams v Adams,* 100 Mich App 1; 298 NW2d 871 (1980). However, we cannot determine from the opinion how much weight was placed on it. As such, we remand to allow the trial judge to explain just how prominent this factor was in his determination.

Finally, MCL 722.27(c); MSA 25.312(7)(c) forbids a trial judge from amending a custody decree without a showing of clear and convincing evidence in cases where an established custodial environment exists. The trial judge's opinion failed to determine whether a custodial environment had been established and what effect, if any, it had on his decision.

This Court cannot effectively carry out its responsibilities, in cases such as this, if a trial judge fails to make appropriate findings of fact. The trauma suffered by all concerned parties in a custody dispute increases when a speedy resolution of the matter is frustrated by a trial judge's failure to make the findings of fact required by statute. A trial judge must reach definite and clear findings on each of the statutory factors.

Reversed and remanded.