PETREY v PETREY

Docket No. 63789. Submitted April 11, 1983, at Detroit.—Decided July 22, 1983.

Robert Petrey died while divorce proceedings were pending between Petrey and his wife, Sheri Anne Petrey. Subsequently, the divorce proceedings were discontinued. Wilma Petrey, Robert Petrey's mother, petitioned the Macomb Circuit Court seeking visitation rights with her grandson, Bradley W. Petrey, the child of Robert and Sheri Anne Petrey. The court, Edward J. Gallagher, J., ordered that Wilma Petrey be given visitation rights. Subsequently, the court, Kenneth N. Sanborn, J., denied Sheri Petrey's motion to set aside the order of visitation. Sheri Anne Petrey appealed by leave granted. *Held:*

A dispute over child visitation must be decided in the child's best interests. The trial court in determining visitation rights is required to make findings of fact regarding the contested issues. Here, the circuit judge did not make a specific finding of fact on any of the material issues when he awarded visitation rights to the petitioner. Judge Gallagher has since died. Although the Court of Appeals could decide the matter *de novo,* an appellate court is not the best forum for resolving evidentiary conflicts and determining in the first instance which party should prevail. The case should be remanded to the lower court for a new hearing.

Remanded for a new hearing.

1. COURTS — FINDINGS OF FACT — COURT RULES.
   A trial court is required to make findings of fact whenever a case is tried without a jury (GCR 1963, 517.1).

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 67.
[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 801-804.
[2-4] 59 Am Jur 2d, Parent and Child § 45.
   Visitation rights of persons other than natural parents or grandparents. 1 ALR4th 1270.
[4] 24 Am Jur 2d, Divorce and Separation § 804.
   Grandparents' visitation rights. 90 ALR3d 222.

2. PARENT AND CHILD — VISITATION RIGHTS — CONTESTED ISSUES.

A trial court reaching a decision in a controversy involving only visitation rights with a child need not evaluate each of the factors contained in the Child Custody Act for determining the best interests of the child in regard to custody; in the case of visitation rights the trial court may focus solely upon the contested issues.

3. PARENT AND CHILD — CHILD CUSTODY — VISITATION RIGHTS — CHILD'S BEST INTERESTS.

The Child Custody Act governs both child custody disputes and visitation rights; therefore, when determining visitation rights, as with child custody matters, the best interests of the child involved are of paramount importance (MCL 722.24, 722.27, 722.27[a]; MSA 25.312[4], 25.312[7], 25.312[7][a]).

4. PARENT AND CHILD — VISITATION RIGHTS — GRANDPARENTS.

Remanding the case for a new hearing in the trial court is the appropriate remedy in a dispute over child visitation rights between a parent and grandparent where the trial court failed to make specific findings of fact on any of the material issues and the trial judge who issued the previous visitation order has since died.

*Stewart, O'Reilly, Lascoe & Rancilio, P.C.* (by *Paul J. O'Reilly)*, for petitioner.

*Glime, Daoust, Wilds, Rusing & Widlak* (by *Richard C. Stavoe)*, for respondent.

Before: T. M. BURNS, P.J., and R. M. MAHER and CYNAR, JJ.

PER CURIAM. On November 23, 1981, the trial court entered an order in this case allowing petitioner visitation rights with her grandchild. Respondent appeals by leave granted.

Before respondent and her husband, Robert Petrey, the petitioner's son, were divorced, Robert died. Subsequently, the divorce proceedings were stopped. Over the next few years, the relationship between the parties in this case deteriorated. Re-

spondent refused to allow petitioner to see the grandchild, Bradley, respondent's son. Therefore, petitioner sued to obtain visitation rights.

Respondent argues that the statute then in effect limits grandparental visitation rights to actual disputes concerning the child's custody. MCL 722.27; MSA 25.312(7). Recently, 1982 PA 340 was added as MCL 722.27b; MSA 25.312(7)(b), which states:

> "If a natural parent of an unmarried child is deceased, a parent of the deceased person may commence an action for visitation."

In light of this recent statute, respondent's argument is without merit.

Respondent next argues that the trial court's opinion did not comply with GCR 1963, 517.1 and that its decision was against the great weight of the evidence. Because we agree that the opinion was inadequate, we do not address the great weight of the evidence argument.

GCR 1963, 517.1 requires a trial court to make findings of fact whenever a case is tried without a jury. These findings are necessary to allow this Court to effectively carry out its appellate responsibilities. *Wolfe v Howatt,* 119 Mich App 109; 326 NW2d 442 (1982). Although in a child custody dispute the trial court must make a specific finding on each factor listed in MCL 722.23; MSA 25.312(3), it need not separately evaluate all of these in a pure visitation dispute but may focus solely on the contested issues. *Hoffman v Hoffman,* 119 Mich App 79; 326 NW2d 136 (1982). No party may effectively waive this requirement. *People v Smith,* 101 Mich App 110; 300 NW2d 470 (1980).

A dispute over visitation must be decided in the

child's best interests. *Cooper v Cooper,* 93 Mich App 220; 285 NW2d 819 (1979). After reviewing the record, we cannot find any opinion in which the trial court made specific findings on any of the material issues. Therefore, pursuant to *Hoffman, supra,* the appropriate remedy would normally be to remand this case to the trial court to write an opinion explaining why the child's best interests support its order. Unfortunately, the trial judge who issued the order allowing visitation has since died. Although we can find authority giving us the power to require a retired trial judge to write a new opinion,[1] we can find no authority giving us guidelines if the trial judge is deceased.

Although, conceivably, we could decide the matter *de novo* ourselves, we believe that the best alternative is to remand for a new hearing. Even with *de novo* review, we strongly defer to the trial court's findings. *Ray v Mason County Drain Comm,* 393 Mich 294, 303; 224 NW2d 883 (1975); *Caywood v Dep't of Natural Resources,* 71 Mich App 322; 248 NW2d 253 (1976), *lv den* 399 Mich 845 (1977).[2] In the present case, the facts are strongly contested. An appellate court is not the best forum for resolving evidentiary conflicts and for determining in the first instance which side should prevail.[3]

Therefore, we believe that the most appropriate course in this case is to remand for a new hearing.

[1] *Livingston v Krown Chemical Mfg, Inc,* 394 Mich 144, 153-154; 229 NW2d 793 (1975); *Dauer v Zabel,* 381 Mich 555, 558; 164 NW2d 1 (1969).

[2] In *Lansing Charter Twp v Bondy,* 408 Mich 854 (1980), the Supreme Court, rather than deciding the issues itself, remanded the case for a new trial where the trial court had not adequately complied with GCR 1963, 517.1 and most likely would not have been able by that time to fairly comply with it on remand.

[3] In fact, child custody matters seem to be especially troublesome. See *Siwik v Siwik,* 89 Mich App 603, 606; 280 NW2d 610 (1979).

Because of this resolution, we need not address respondent's last argument. The stay of July 1, 1982, is temporarily lifted pending the outcome of the hearing on remand.

Remanded for a new hearing. We do not retain jurisdiction.