ARNDT v KASEM

Docket No. 91250. Submitted November 13, 1986, at Lansing. Decided
December 15, 1986

Plaintiff, Mary Arndt, and defendant, Mouner Kasem, were di-
vorced in 1978 by order of the Genesee Circuit Court, Harry B.
McAra, J. Plaintiff was granted custody of the parties' child
and defendant was granted visitation rights. In 1983, the trial
court entered an order modifying the divorce judgment to
provide for joint custody, with defendant having physical cus-
tody during the summer months and plaintiff having physical
custody during the school year. Plaintiff appealed from that
order and the Court of Appeals reversed. 135 Mich App 252·
(1984). The trial court thereafter rendered an opinion increas-
ing defendant's visitation from four weeks to eight weeks
during the summer. Plaintiff then praeciped the visitation issue
for trial. Defendant moved for either sole or joint custody and
plaintiff moved for increased child support. Testimony was
taken and the trial court issued an opinion from the bench on
December 10, 1985, which left physical custody with plaintiff,
but which granted joint legal custody. Plaintiff's visitation
remained at eight weeks during the summer. The trial judge
died subsequent to rendering the bench opinion and an order
implementing the bench opinion was entered on March 3, 1986,
by another circuit judge in the absence of Judge McAra.
Plaintiff appeals from that order.

The Court of Appeals held:

1. The trial court, in rendering the December 10, 1985,
opinion from the bench, did not comply with the requirement
that it state on the record the reasons for its decision granting
joint legal custody. The court's failure requires reversal and a
remand for a new hearing. The order of March 3, 1986, shall
remain in force until the trial court enters an order on remand.

2. The trial court's December 10, 1985, opinion from the

REFERENCES

Am Jur 2d, Appeal and Error § 948.

Am Jur 2d, Divorce and Separation § 990.

Propriety of awarding joint custody of children. 17 ALR4th 1013.

See also the annotations in the Index to Annotations under Appeal
and Error.

bench failed to address all of the statutory best-interest factors and failed to address the issues in contest. A new hearing must be conducted.

3. The trial court shall reconsider plaintiff's motion for increased child support on remand.

Reversed and remanded.

1. PARENT AND CHILD — JOINT CUSTODY.

A trial court shall consider an award of joint custody at the request of either party and state on the record the reasons for granting or denying the request (MCL 722.26a[1]; MSA 25.312[6a][1]).

2. APPEAL — PARENT AND CHILD — JOINT CUSTODY — BEST-INTEREST FACTORS.

Reversal is required where a trial court's opinion regarding a request for joint custody is devoid of any consideration of the best interest of the child factors; a remand is appropriate where it is necessary to supplement the record with the trial court's findings on the various best-interest factors (MCL 722.26a[1]; MSA 25.312[6a][1]).

*Kathleen Buckley,* for plaintiff.

Before: R. B. BURNS, P.J., and GRIBBS and A. T. DAVIS,* JJ.

PER CURIAM. This Court is once again called upon to intervene in the parties' continuing custody/visitation dispute over their child, Paul Kasem. The parties were married on September 16, 1972, and divorced on February 14, 1978. One child, Paul, was born of the marriage on May 3, 1973. The judgment of divorce granted custody to plaintiff and visitation rights to defendant. Thereafter, plaintiff sought an increase in child support and defendant sought a change in custody. The trial court entered an order on May 23, 1983, which, inter alia, modified the divorce judgment to provide for joint custody, with defendant having

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

physical custody during the summer months and plaintiff having physical custody during the school year.

Plaintiff took an appeal to this Court and we reversed, concluding that there was an established custodial environment with plaintiff and that defendant had failed to meet his burden of establishing, by clear and convincing evidence, that a change in custody was in the best interests of the child. *Arndt v Kasem*, 135 Mich App 252; 353 NW2d 497 (1984).

Following our decision in *Arndt* on July 30, 1984, the trial court rendered an opinion increasing defendant's visitation from four weeks to eight weeks during the summer.

Plaintiff, thereafter, praeciped the visitation issue for trial. Defendant moved for either sole or joint custody and plaintiff moved for increased child support. Testimony was taken in May, 1985. The circuit court rendered an opinion from the bench which left physical custody with plaintiff, but which granted joint legal custody. Defendant's visitation remained at eight weeks during the summer.[1]

I

The first issue for our consideration is whether the trial court erred in granting joint legal custody. MCL 722.26a(1); MSA 25.312(6a)(1) provides that the trial court shall consider an award of joint custody at the request of either party and *state on the record* the reasons for granting or denying the request. See also *Wilcox v Wilcox (On Remand),* 108 Mich App 488; 310 NW2d 434 (1981).

---

[1] We should note that at all times defendant had visitation during the remainder of the year based upon alternate weekends and holidays. However, we *direct our attention to the summer visitation as* that is the object of the current dispute.

MCL 722.26a(1); MSA 25.312(6a)(1) provides as follows:

> In custody disputes between parents, the parents shall be advised of joint custody. At the request of either parent, the court shall consider an award of joint custody, and shall state on the record the reasons for granting or denying a request. In other cases joint custody may be considered by the court. The court shall determine whether joint custody is in the best interest of the child by considering the following factors.
>
> (a) The factors enumerated in section 3 [MCL 722.23; MSA 25.312(3)].
>
> (b) Whether the parents will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child.

We have carefully reviewed the trial court's December 10, 1985, opinion from the bench and cannot conclude that the trial court complied with the requirement that it state the reasons for its decision on the record. The bench opinion is devoid of any consideration of the best-interest factors. Therefore, a reversal is required. *Currey v Currey,* 109 Mich App 111, 117-118; 310 NW2d 913 (1981).

While a remand is appropriate where it is necessary to supplement the record with the trial court's findings on the various best-interest factors, *Speers v Speers,* 108 Mich App 543, 545; 310 NW2d 455 (1981), that remedy is not available in this case inasmuch as the circuit judge who heard this matter is now deceased. Accordingly, we remand for a new hearing, obviously in front of a different circuit judge. *Petrey v Petrey,* 127 Mich App 577, 580; 339 NW2d 226 (1983).

II

Next, we consider whether the trial court also

erred in modifying visitation rights absent a showing that such a modification was in the best interests of the child. At least one panel of this Court has held that a trial court must evaluate each of the best-interest factors and make definite findings of fact and conclusions of law in visitation disputes. *Dowd v Dowd,* 97 Mich App 276, 278-279; 293 NW2d 797 (1980). However, another panel rejected such a stringent requirement for visitation cases in *Hoffman v Hoffman,* 119 Mich App 79, 83; 326 NW2d 136 (1982). The *Hoffman* Court required only that a trial court, in visitation dispute cases, make findings of fact and conclusions of law only on those issues which are contested. *Id.*

It is unnecessary for us to decide between the two standards, as the trial court's bench opinion was inadequate under either. Not only does the bench opinion fail to address all of the statutory factors, it also fails to address the issues in contest. While this might ordinarily be cured by a remand for a new opinion by the trial judge, his death renders it necessary to conduct a new hearing. *Petrey, supra.*

III

Finally, we address the trial court's failure to grant plaintiff's motion for increased child support. The trial court failed to address this issue at all. Rather than attempt to reach a conclusion ourselves, in view of the necessity for remand on other issues, we direct the trial court to reconsider plaintiff's motion for increased child support on remand.

Since we dispose of this appeal on the ground of the trial court's failure to make sufficient findings of fact and conclusions of law, and we have not rendered an opinion on the merits of the trial

court's determination, we direct that, in order to provide at least minimal stability to the child until this matter is resolved, the trial court's order of March 3, 1986, implementing the December 10, 1985, opinion shall remain in force until the trial court enters an order on remand. However, we direct the trial court to conduct a hearing on remand and issue its decision forthwith.

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained. No costs.